

FILED
IN OPEN COURT

JUN 22 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | Criminal No. 2:11cr 106 |
| | ) | |
| BRIAN GAY, | ) | 18 U.S.C. § 1341 |
| | ) | Mail Fraud |
| Defendant. | ) | (Counts 1-4) |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| | ) | Wire Fraud |
| | ) | (Count 5) |
| | ) | |
| | ) | 18 U.S.C. § 1957 |
| | ) | Unlawful Monetary Transactions |
| | ) | (Counts 6-9) |
| | ) | |
| | ) | 18 U.S.C. § 1001(a)(3) |
| | ) | False Statement |
| | ) | (Count 10) |
| | ) | |
| | ) | 18 U.S.C. §§ 981 & 982 |
| | ) | Criminal Forfeiture |

**INDICTMENT**

June 2011 Term – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

At all times relevant to all counts of this indictment:

1. BRIAN GAY, the defendant, was an attorney licensed to practice law in the Commonwealth of Virginia. GAY maintained a law office located in Virginia Beach, Virginia

2. Daniel M. Woodside was a resident of Virginia Beach, Virginia and died on April 5, 2006, in Virginia Beach, Virginia. At the time of his death Daniel M. Woodside was divorced and had three minor children. Daniel M. Woodside applied for and obtained a life insurance

policy from Midland National Life Insurance Company (Midland) in or about August 2002 in the amount of $350,000.00 and designated all three minor children as primary beneficiaries. On or about March 27, 2006, Daniel M. Woodside changed the beneficiary designation to BRIAN GAY, Trustee. In or about March 2006, Daniel M. Woodside was also insured with a life insurance policy from CIGNA insurance, through his employer CACI, in the amount of $170,000.00. On or about March 23, 2006, Daniel M. Woodside changed the CACI beneficiary designation to BRIAN GAY, Trustee.

3. BRIAN GAY handled certain legal matters for Daniel M. Woodside. These legal matters included drafting a trust agreement and will. On or about March 1st, 2006, Daniel M. Woodside executed an Irrevocable Trust Agreement, pursuant to which the aforementioned life insurance policies were intended to be transferred to the trust to be managed and distributed in accordance with the agreement. BRIAN GAY was designated Trustee to administer the funds of the trust for the benefit of the beneficiaries. The intent of the trust was to vest assets in the minor beneficiaries of Daniel M. Woodside.

4. On or about March 23, 2006, Daniel M. Woodside executed his Last Will and Testament and designated BRIAN GAY as executor to administer the assets of the Woodside estate. The Last Will and Testament contained four specific bequests with the residue of Daniel M. Woodside's real and personal estate to go to the Trustee under the Trust Agreement executed March 1, 2006.

5. On or about April 13, 2006, after the death of Daniel M. Woodside, BRIAN GAY qualified as executor of the estate of Daniel M. Woodside in the Circuit Court of the City of Virginia Beach. BRIAN GAY filed a false Affidavit of Notice Regarding Estate of Daniel M.

Woodside in the Clerk's Office of the Virginia Beach Circuit Court that falsely stated the value of the estate did not exceed $15,000.

6. In or about June 2006, BRIAN GAY contacted Midland National Life Insurance Company and advised the insurance company that as trustee he would accept the life insurance proceeds for the trust and benefit of Daniel M. Woodside's minor children. On or about July 10, 2006 Midland Life issued and mailed proceeds in the amount of $353, 935.78 payable to BRIAN GAY as trustee of the Daniel M. Woodside Trust.

## COUNTS ONE THROUGH FOUR

THE GRAND JURY FURTHER CHARGES THAT:

From in or about April 2006 and continuing through the date of this indictment, in the Eastern District of Virginia and elsewhere, BRIAN GAY, the defendant herein, devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false, fraudulent and fictitious pretenses, representations and promises, which scheme and artifice and the execution thereof, operated in substance as follows:

1. The object of said scheme and artifice devised by BRIAN GAY was to obtain, convert and misapply proceeds of said life insurance policies primarily for his own benefit and not for the intended benefit of Daniel M. Woodside's minor children.

2. It was further a part of said scheme and artifice to defraud that BRIAN GAY filed with the Circuit Court of the City of Virginia Beach an Affidavit of Notice Regarding Estate of Daniel M. Woodside. BRIAN GAY certified to the accuracy of the affidavit and falsely and fraudulently understated the true value of the estate of Daniel M. Woodside. BRIAN GAY

falsely stated the value of the estate did not exceed $15,000 on the date of death of Daniel M. Woodside, when in truth and in fact as BRIAN GAY then well knew the value of the estate was substantially in excess of $15,000. By falsely claiming the value of the estate was less than $15,000 BRIAN GAY avoided the requirement of filing an inventory of assets and a true accounting of disbursement of funds of the estate and thereby evade oversight from the Commissioner of Accounts.

3. On or about April 10, 2006, BRIAN GAY filed a Beneficiary Affidavit with CIGNA requesting payment of death benefits for Daniel M. Woodside in GAY's capacity as Trustee.

4. On or about May 25, 2006, BRIAN GAY filed a Proof of Death Claimant's Statement requesting that Midland pay BRIAN GAY the proceeds of life insurance policy in his capacity as trustee.

5. It was further a part of said scheme and artifice to defraud that BRIAN GAY, in an effort to have Midland pay him the proceeds of the life insurance, advised the insurance company by letter dated June 26, 2006, that it was the intention of Daniel M. Woodside to change the beneficiary form from his children to the Woodside Trust. GAY further advised Midland that it was the intention of Daniel M. Woodside to have the life insurance proceeds in trust for his minor children. Based on the representations of the defendant Midland issued payment in the amount of $353,935.78 to BRIAN GAY as trustee for the Daniel M. Woodside Irrevocable Trust dated March 1, 2006.

6. On or about June 30, 2006, CIGNA paid death benefits on behalf of Daniel M. Woodside in the amount of $170,000 to BRIAN GAY, as Trustee.

7. It was further a part of said scheme and artifice to defraud that BRIAN GAY would appropriate and convert to his use or the use of another, and not the intended beneficiaries of said fund monies, property and assets from the Estate of Daniel M. Woodside. For example on the following dates BRIAN GAY issued checks from bank accounts of the Estate of Daniel M. Woodside payable to himself or made cash withdrawals which were fraudulently misappropriated.

| DATE | AMOUNT |
|---|---|
| March 31, 2008 | $75,000 |
| November 17, 2008 | $25,000 |
| January 7, 2009 | $25,000 |
| June 5, 2009 | $25,000 |
| October 15, 2009 | $20,000 |
| December 23, 2009 | $15,000 |
| February 4, 2010 | $15,000 |
| July 20, 2010 | $15,000 |
| July 22, 2010 | $45,000 |
| July 22, 2010 | $50,000 |

8. It was a further part of said scheme and artifice to defraud that BRIAN GAY, in his effort to conceal diversion of the insurance funds from the minor children, would make periodic payments to the minor children purportedly from the Estate of Daniel M. Woodside and conceal any accounting of the trust funds.

9. In or about the spring of 2010, the beneficiary children of the trust and estate assets requested an accounting of funds from BRIAN GAY. Prior to this time BRIAN GAY had failed to provide any accounting of assets of the estate. Due to the failure of BRIAN GAY to

provide any accounting or documentation regarding the disbursement of trust/estate assets, the heirs retained private counsel to obtain an accounting and disbursement records of the trust/estate funds to which they were entitled.

10. It was further a part of said scheme and artifice to defraud that in order to conceal his misapplication and conversion of funds, by BRIAN GAY advised counsel for the heirs that there was a misunderstanding and the trust referred to in introductory paragraph 3 never actually existed but was an "executed" proposal, despite the fact GAY had provided a copy of this Trust Agreement to Midland.

11. On or about the dates set forth below, in the Eastern District of Virginia, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting so to do and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, BRIAN GAY, the defendant herein, did place and cause to be placed in a post office or authorized depository for mail matter, to be sent by the Postal Service or caused to be deposited a matter or thing to be sent or delivered by private or commercial interstate carrier, and did knowingly cause to be delivered by mail according to the directions thereon, the following mail matters and things, to wit: each mailing constituting a separate count of this indictment, as indicated:

| COUNT | DATE OF MAILING | ITEM MAILED |
|---|---|---|
| One | June 26, 2006 | Letter from Brian Gay to Karen Vandenberg, Midland National Life Insurance Company. |
| Two | July 10, 2006 | Midland National Life Insurance Company Death Benefit Check in the amount of $353,935.78 payable to Brian Gay as Trustee of the Daniel M. Woodside Irrevocable Trust Agreement. |

| COUNT | DATE OF MAILING | ITEM MAILED |
|---|---|---|
| Three | August 18, 2010 | Letter from Brian Gay to Flora Hezel. |
| Four | November 23, 2010 | Brian Gay Responses to Requests for Admissions with Attachments mailed to Flora Hezel. |

(In violation of Title 18, United States Code, Sections 1341 and 2).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations contained in paragraphs one through ten, of Count One through Four, of this indictment are re-alleged and incorporated by reference as if fully set forth herein:

2. On or abut the date listed below in the Eastern District of Virginia and elsewhere, BRIAN GAY, for the purposes of executing the aforesaid scheme and artifice to defraud did knowingly and willfully transmit and cause the transmission in interstate commerce by means of wire communications certain writings, signs and signals, to-wit: the following listed documents, each transmission being a separate count of this indictment.

| COUNT | DATE OF WIRE | ITEM |
|---|---|---|
| Six | June 26, 2006 | Faxed letter from Brian Gay to Karen Vandenberg, Midland National Life Insurance Company with attachment of certification/qualification as executor. |

(In violation of Title 18, United States Code, Sections 1343 and 2).

## COUNTS SIX THROUGH NINE

THE GRAND JURY FURTHER CHARGES THAT:

On or about the dates listed below and in the manner specified below, in the Eastern District of Virginia, BRIAN GAY, the defendant herein, did knowingly engage in monetary transactions, in or affecting interstate commerce, in criminally derived property of a value greater than $10,000, knowing the transactions involved criminally derived property which, in fact, was derived from specified unlawful activity, namely, the defendant's mail and wire fraud scheme and artifice to defraud in violation of Title 18, United States Code, Sections 1341 and 1343 as alleged in this indictment.

| COUNT | DATE OF TRANSACTION | DESCRIPTION OF MONETARY TRANSACTION |
|---|---|---|
| Six | March 31, 2008 | $75,000 check written by BRIAN GAY to account number xxxx2938. |
| Seven | November 17, 2008 | $25,000 check written by BRIAN GAY and deposited to account number xxxx8142. |
| Eight | July 22, 2010 | $45,000 check written by BRIAN GAY payable to BRIAN GAY and deposited to account number xxxx8142. |
| Nine | July 22, 2010 | $50,000 check written by BRIAN GAY payable to BRIAN GAY and deposited to account number xxxx8142. |

(In violation of Title 18, United States Code, Section 1957).

## COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 18, 2011, in the Eastern District of Virginia, BRIAN GAY, the defendant herein, in a matter within the jurisdiction of an agency of the executive branch of the United States, to wit: The United States Postal Inspection Service and the United States Secret Service, did knowingly and willfully use and cause to be used a false writing or document knowing the same to contain a materially false, fictitious and fraudulent statements and entry in that the defendant, BRIAN GAY, did falsely, fictitiously, and fraudulently represent the following: That he had submitted a letter purportedly dated July 17, 2006 to Midland National Life Insurance Company, One Midland Plaza, Sioux Falls, SD, claiming his secretary erroneously submitted a document, the Daniel M. Woodside Irrevocable Trust and that Daniel M. Woodside had changed the insurance beneficiary designation to BRIAN GAY, and the proceeds of the policy should go to BRIAN GAY, when in truth and in fact, BRIAN GAY had submitted no such letter to Midland National Life Insurance Company.

(In violation of Title 18, United States Code, Sections 1001(a)(3) and 2).

## FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1.  BRIAN GAY, the defendant, if convicted of one or more violations alleged in Counts One through Nine of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a.  Respecting Counts One through Nine, any property, real or personal, which constitutes or is derived from proceeds traceable to such violations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

    b.  Respecting Counts Six through Nine, any property, real or personal, involved in such violations or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1); and

    c.  Any property belonging to the defendant, up to the value of the property subject to forfeiture, if any property subject to forfeiture: (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, sold to, or deposited with a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

2.  The property subject to forfeiture under paragraph 1 includes, but is not limited to, the following property:

| A sum of money of at least $420,000, which represents the proceeds of the charged offenses, which, upon entry of an order of forfeiture, shall be reduced to a monetary judgment. |
|---|

(All in accordance with Title 18, United States Code, Section 982(a)(1); Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).)

<u>United States v. Brian Gay</u>
Criminal No. 2:11cr 106

A TRUE BILL:

*Redacted*
_____
FOREPERSON

Neil H. MacBride
United States Attorney

By: *Redacted*
_____
Robert J. Seidel, Jr., Supervisory
Assistant United States Attorney
Virginia State Bar No. 14940
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - rob.seidel@usdoj.gov