## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**BRIAN GAY,**

      **Petitioner,**

      **v.**

                                   **Criminal No. 2:11CR106**

**UNITED STATES OF AMERICA,**

      **Defendant.**

### *AMENDED MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Brian Gay ("Petitioner")'s Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 ("Petition"). The Court previously granted Petitioner's Motion for an Extension of Time to File the Petition for good cause and ordered Petitioner to file the Petition with the Clerk of this Court no later than May 1, 2014. *See* Am. Order, Feb. 25, 2014, ECF No. 100. However, Petitioner filed the Petition on September 17, 2014. ECF No. 107. The Court concludes that the Petition is untimely because of: (1) the statute of limitations of § 2255 and (2) the Order granting an Extension for Enlargement of Time to File the Petition. Because the Petitioner filed one hundred thirty-eight (138) days after May 1, 2014 without showing sufficient reason to toll the statute of limitations, the Court finds that the Petition is time-barred. Therefore, the Petition is **DISMISSED.**

### I.  FACTUAL AND PROCEDURAL HISTORY

On June 22, 2011, Petitioner was indicted and subsequently charged with four counts of Mail Fraud in violation of 18 U.S.C. §§ 1341 and 2, one count of Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2, four counts of Unlawful Monetary Transactions in violation of 18 U.S.C. 1957, and one count of False Statement in violation of 18 U.S.C. §§ 1001(a)(3) and 2. ECF No. 3. On January 27,

2012, Petitioner was found guilty on three counts of Mail Fraud, one count of Wire Fraud, four counts of Unlawful Monetary Transactions, and one count of False Statements. The Court dismissed the fourth count of Mail Fraud and imposed a sentence of sixty (60) months of imprisonment for each of the remaining charges to be served concurrently. The Court also ordered three (3) years of supervised release for each charge to run concurrently. ECF No. 69.

Petitioner filed a formal appeal with the United State Court of Appeals for the Fourth Circuit on February 6, 2012. ECF No. 73. That Court affirmed the convictions and sentences on December 31, 2012. ECF No. 93. Petitioner responded on January 27, 2014, by filing a Motion for Enlargement of Time to file a 28 U.S.C. § 2255 Petition. ECF No. 98. The Court granted this motion and ordered Petitioner to file the Petition no later than May 1, 2014. ECF No. 100. Petitioner failed to file the Petition by the May 1st deadline. Instead, Petitioner then filed two additional Motions for Enlargement of Time on April 28, 2014 and May 22, 2014. The Court denied both motions. ECF No. 103 and ECF No. 106. Petitioner filed the Petition on September 17, 2014.

The Petition raises three grounds. First, Petitioner claims ineffective assistance of counsel due to a lack of preparation demonstrated by repeated failures to, inter alia, (1) object to inadmissible testimony; (2) move to strike defective indictments; or (3) obtain proper jury instructions. Pet'r's Mot., 15-25. Second, Petitioner asserts his actual innocence because the Government failed to prove the elements necessary to convict on several charges including Count Two (Mail Fraud) and Count Ten (False Statements). *Id.* Finally, Petitioner contends that the sentence imposed was not authorized by law. *Id.*

## II. LEGAL STANDARDS

In 1996, Congress successfully amended § 2255 petitions as part of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). *See* Pub. L. No. 104-132, Title I, § 105, 110 Stat. 1220. § 2255 now provides in pertinent part:

2

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III. DISCUSSION

To determine the timeliness of the Petition, the Court must measure one year from the most current date provided by § 2255 subsection f(1) through f(4). For purposes of § 2255 f(1), this Court entered judgment on January 27, 2012. ECF No. 69. Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit on February 6, 2012. ECF No. 73. That Court entered judgment on December 7, 2012. ECF No. 93. Under § 2255 (f)(1), a judgment of conviction becomes final when time expires to file petition for certiorari. *Clay v. United States*, 537 U.S. 522, 524 (2003). The petition for certiorari must be filed within ninety (90) days of the entry of judgment and not the date the Court issued its mandate. Supreme Ct. Rule 13. Consequently, Petitioner's judgment of conviction became final on March 7, 2013.

Subsections (f)(3) and (f)(4) of § 2255 are inapplicable. Petitioner makes no claim of a newly recognized right by the Supreme Court that retroactively applies to this case on collateral review. Nor does Petitioner assert any facts to support the claim that could have been discovered through diligence on his part. Therefore, the only remaining section under which relief can be granted is § 2255 (f)(2).

3

Under § 2255 (f)(2), the statute of limitations runs from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f). Petitioner here asserts that the Government created impediments that prevented him from filing a timely petition. Pet'r's Mot., 13. Specifically, Petitioner alleges the Bureau of Prisons: (1) denied him access to his legal materials and legal research; (2) forcibly removed assembled legal documents; and (3) destroyed those documents on various occasions. *Id.* Petitioner further asserts that the Bureau of Prisons repeatedly ignored requests for his legal materials and physically assaulted him for making such requests. *Id.* Instead of establishing a causal relationship between the alleged misconduct of the Bureau of Prisons and his inability to timely file the Petition, he relies on the Seventh Circuit's ruling in *Socha v. Boughton*, 763 F.3d 674 (7th Cir. 2014), that is not binding on this Court and is only marginally persuasive.

In *Socha*, the petitioner filed a § 2254 Petition after the Wisconsin Court of Appeals affirmed his conviction, and the Supreme Court of Wisconsin denied further review. 763 F.3d at 678 (7th Cir. 2014). That petitioner's efforts to file a timely petition were severely hampered by his inability to obtain his case files from the public defender's office. Despite repeated letters requesting the files beginning May 4, 2007, that petitioner did not physically receive those files until June 6, 2008. This was nearly one year from the date of judgment of conviction and only a few weeks before the statute of limitations ended. *Id.* at 680. Even after receiving the disorganized files, that petitioner faced more obstacles including poor internet connection as well as restrictions to accessing his materials and the law library due to Administrative segregation. *Id.* Further, the prison's logs show that he used the segregation library only a few times between May and July of 2008. Despite all of these challenges, that petitioner proceeded to timely file his petition after the Court granted him a ninety (90) day extension prior to the original deadline. The United States Court of Appeals for the Seventh Circuit

4

held that these combined circumstances warranted an equitable tolling of the statute of limitations. *Id.* at 688.

The Petitioner here seeks to solicit relief from this Court by analogizing to *Socha* which can be distinguished from this case for several reasons. First, unlike the petitioner in *Socha* who waited nearly an entire year to receive access to his files, the Petitioner here only claims that his access was limited during a six month period. Second, even accepting Petitioner's claims, his access was only limited for half the time cited in *Socha*. Further, the *Socha* petitioner made repeated requests through letters to the public defender only to be ignored. On the contrary, the Petitioner shows no correspondence to verify that he was requesting access to his materials. Also, Petitioner does not offer any evidence such as prison logs to corroborate his claim of limited access to the prison law library. Similar to the *Socha* petitioner, Petitioner was granted an extension for time to file his petition. However, unlike the *Socha* petitioner who timely filed his petition, Petitioner failed to file the Petition within the extended time period. In fact, Petitioner filed his petition approximately four months after the new extended deadline with no further explanation.

Petitioner does not substantiate his claims or establish any causal relationship. Instead, he resorts to analogizing his case to one in which the Court allowed equitable tolling. The Court, however, reserves equitable tolling "for those rare instances where due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In 2010, the United States Supreme Court reiterated that equitable tolling only applies if the petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way to prevent filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Further, as stated in *Socha*, the Court uses a "flexible standard that encompasses all of the circumstances. . . . the cumulative effect of those circumstances." 763 F.3d at 686 (7th Cir. 2014).

Based on the facts of the Petitioner's case, the alleged Government impediments are not parallel to those recognized in *Socha* or in any other Court precedent. Petitioner demonstrates no sufficient causal link between any Government actions and an effort to prevent him from timely filing the Petition. Despite exhaustive details of alleged misconduct by the Bureau of Prisons, Petitioner provides nothing more than perfunctory accusations without corroboration. These accusations are not enough to show good cause for tolling of the statute of limitations.

Petitioner fails to demonstrate that there was any Government impediment that substantially affected his ability to timely file the Petition. Also, Petitioner does not show that the circumstances surrounding his filing were so extreme that gross injustice would result if the Court does not equitably toll the statute of limitations under § 2255(f). Consequently, the Court measures the limitations period from the date on which judgment of conviction became final. Petitioner's conviction became final on March 7, 2013. As a result, the latest date Petitioner originally had to file was March 7, 2014. However, with the Court's extension on February 24, 2014, Petitioner had until May 1, 2014 to file the petition. The Petition filed on September 17, 2014 is untimely and barred. Therefore, the Petition is **DISMISSED.**[1]

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED**. The Motion to Appoint Counsel, ECF No. 108, is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529

---

[1] Petitioner filed a Motion to Appoint Counsel on September 17, 2014. Having reviewed and considered the Motion, the Court does not find it appropriate to appoint counsel for this untimely § 2255 Petition. Accordingly, Petitioner's Motion, ECF No. 108, is **DENIED**.

U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner does not satisfy this standard; accordingly, a certificate of appealability is **DENIED**. Although Petitioner may not appeal the denial of his § 2255 Petition without a certificate of appealability, he may still seek one from the United States Court of Appeals for the Fourth Circuit.

Petitioner is **ADVISED** that he may appeal this final order by forwarding a written notice of appeal to the Clerk of United States, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Clerk is **DIRECTED** to mail a copy of this order to Petitioner.

**IT IS SO ORDERED.**

Norfolk, Virginia
March *13* , 2015

Raymond A. Jackson
United States District Judge